**LONE PINE CORPORATION, a Colorado corporation, Delbert L. Fast and Dieter Robert Kominski, Plaintiffs-Appellants,**

v.

**CITY OF FORT LUPTON, a Colorado municipal corporation, and Weld County School District Re–8, Defendants-Appellees.**

**No. 81CA0643.**

Colorado Court of Appeals,
Division III.

March 18, 1982.

Rehearing Denied April 15, 1982.

Certiorari Denied Nov. 1, 1982.

Shade, Doyle, Klein, Otis, Shaha & Frey, Richard N. Doyle, Greeley, for plaintiffs-appellants.

Daniel, McCain & Brown, Leonard H. McCain, Brighton, for defendant-appellee City of Ft. Lupton.

Gaunt, Dirrim & Coover, Lysle R. Dirrim, Brighton, for defendant-appellee Weld County School Dist. RE–8.

STERNBERG, Judge.

This appeal involves a suit by two land developers seeking to declare void contractual provisions with the defendant City of Fort Lupton by which they agreed to make payments to the defendant School District to offset the impact of increased school enrollments. The trial court denied relief, and we affirm.

In both instances the provision relating to payments was incorporated in the city's utility extension agreement with each developer. The first contract related to land located in the city and owned by plaintiff Lone Pine Corporation. In order to receive zoning and platting approval allowing for an increase of population densities, Lone Pine contracted to pay $20,000 to the school district.

The second contract related to land located outside of the city limits, owned by plaintiffs Fast and Kominski. In order to procure the city's annexation and zoning approval, these developers contracted to pay the school district $75 per lot, payable upon sale.

The record reflects that the city complied with all requirements contained in the utility extension agreement, but when the plaintiffs refused to pay the school district, the city refused to issue building permits. This suit followed.

The developers contend that the payment provisions were *ultra vires,* and created an illegal condition precedent to subdivision approval, zoning, and annexation of land. We do not reach this contention. Contrary to the developers' argument, both estoppel and waiver apply under the facts of this case.

■ Estoppel is applicable where one party to a contract changes its position in justifiable reliance on the words or conduct of another. *City of Colorado Springs v. Kitty Hawk Development Co.,* 154 Colo. 535, 392 P.2d 467 (1964); *City of Sheridan v. Keen,* 34 Colo.App. 228, 524 P.2d 1390 (1974). Waiver is the relinquishment of a known right. *Millage v. Spahn,* 115 Colo. 444, 175 P.2d 982 (1946); *Gulf Insurance Co. v. Colorado,* 43 Colo.App. 360, 607 P.2d 1016 (1979). And, in *Kitty Hawk, supra,* in commenting on the application of these doctrines notwithstanding a claim that the actions were *ultra vires,* the court stated:

"Plaintiff asserts that the agreement between it and the City was *ultra vires.* Assuming, arguendo, that this is so, this is no help to the plaintiff since it is estopped to assert such fact, having received and retained the benefits conferred thereunder, and the contract being fully executed on the part of all parties."

■ Here, the agreements between Lone Pine, Fast, Kominski, and the district were made in return for the district's promise to forego contesting the increase in population density. Because the district relied on the agreements, the developers are estopped to deny them. And, by assenting to the agreements and by accepting the benefits of the city's actions, the developers are estopped from asserting the contracts are *ultra vires,* and they have waived their right to contest the imposition of the conditions contained in the contracts.

Contrary to Lone Pine's contention, we see no reason not to apply the rationale of *Kitty Hawk, supra,* to a situation where the subject property is within the city limits and the property owners' promise to pay is given in return for zoning and platting approval. In *Kitty Hawk, supra,* the court noted that, "the equities do not lie with the plaintiff" in an annexation situation; similarly, the equities are not with plaintiff Lone Pine here. *See also Schlarb v. North Suburban Sanitation District,* 144 Colo. 590, 357 P.2d 647 (1960).

The judgment is affirmed.

KIRSHBAUM and TURSI, JJ., concur.