Lauro SOSA, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado and Swift Beef Company, Respondents.

No. 10CA1671.

Colorado Court of Appeals, Div. VII.

July 7, 2011.

---

Ira A. Sanders, Greeley, Colorado, for Petitioner.

John W. Suthers, Attorney General, A.A. Lee Hegner, Assistant Attorney General,

Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Sherman & Howard, L.L.C., Vance O. Knapp, Heather Fox Vickles, Denver, Colorado, for Respondent Swift Beef Company.

Sherman & Howard, L.L.C., Theodore A. Olsen, Denver, Colorado, for Amicus Curiae Mountain States Employers Council, Inc.

Opinion by Judge FURMAN.

Petitioner, Lauro Sosa (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel) disqualifying him from receiving unemployment benefits under section 8–73–108(5)(e)(IX.5), C.R.S. 2010 ("presence in an individual's system, during working hours, of not medically prescribed controlled substances"). The Panel reversed a hearing officer's decision that claimant was not at fault in connection with his separation from employment.

Because the hearing officer's findings, and the administrative record, demonstrate an absence of evidence that the laboratory performing claimant's drug test was licensed or certified as expressly required under section 8–73–108(5)(e)(IX.5), we need not decide claimant's claims regarding his use of medical marijuana. Accordingly, we set aside the Panel's disqualification order and remand with instructions to reinstate the hearing officer's decision.

## I. Claimant's Discharge

Claimant worked as a production worker for a beef packing plant—Swift Beef Company (employer)—from February 2, 2009, until August 23, 2009, when employer discharged claimant for testing positive for marijuana while at work. Employer has a zero tolerance policy regarding drugs and alcohol use because employees use knives and potentially hazardous machinery in the workplace.

A deputy of the Division of Employment and Training disqualified claimant from receiving unemployment insurance benefits for violating the company's zero tolerance policy. *See* § 8–73–108(5)(e)(VII), C.R.S.2010 (employer not charged for benefits when claimant's separation from employment stems

from violation of company policy "which resulted or could have resulted in serious damage to the employer's property or interests or could have endangered the life of the worker or other persons").

Claimant appealed. At the hearing, employer's human resources supervisor (HR supervisor) testified that on August 10, 2009, claimant was on light duty work. He asked claimant to take a urine test because claimant's foreman thought that claimant "had seemed unable to stand straight, that he was wobbling while standing, seemed overly tired, and his eyes seemed red." The urine test was done on site and was then sent to a lab for confirmation. The HR supervisor could not recall which lab confirmed the results and, at the hearing, did not have a copy of the lab results.

Claimant testified that his job duties on August 10 involved counting cows, that he did not ingest marijuana that day, and that he did not think that he was under the influence of marijuana while at work. He explained that he had eaten some marijuana for pain two days before he took the urine test and that he had a valid medical marijuana registration card.

Although the hearing officer determined that claimant "tested positive for marijuana," he also found that claimant was not impaired at work on August 10. Concluding that claimant had "a state constitutional right to use marijuana" and that employer "failed to prove that the test was performed at a certified laboratory" as required under section 8–73–108(5)(e) (IX.5), the hearing officer determined that claimant was not at fault for the separation and awarded claimant benefits on a no-fault basis. *See* § 8–73–108(4), C.R.S. 2010.

Employer appealed to the Panel but did not file a brief in support of its appeal. Nevertheless, the Panel entered a lengthy order reversing the hearing officer's decision. Despite the hearing officer's finding that employer failed to prove the laboratory conducting the drug test on claimant was certified, the Panel concluded that "the hearing officer erred by not applying section [8–73–108(5)(e)(IX.5) ]" to impose a disqualification. After the Panel conducted additional analysis concerning the relationship between the unemployment security laws and Colorado's constitutional amendment addressing medical marijuana, it further concluded claimant was disqualified from receiving benefits under section 8–73–108(5)(e)(IX.5).

Claimant challenges the Panel's conclusions.

## II. Standard of Review

A decision by the Panel must be set aside if the findings of fact do not support the decision or the decision is erroneous as a matter of law. § 8–74–107(6), C.R.S.2010; *Starr v. Indus. Claim Appeals Office*, 224 P.3d 1056, 1058 (Colo.App.2009); *Nielsen v. AMI Indus., Inc.*, 759 P.2d 834, 835 (Colo. App.1988).

## III. Licensed or Certified Testing Laboratory

■ Claimant contends the Panel erred as a matter of law by imposing a disqualification under section 8–73–108(5)(e) (IX.5), given the hearing officer's finding that employer failed to prove the testing laboratory was licensed or certified. We agree.

Section 8–73–108(5)(e) (IX.5) provides for disqualification if, during working hours, an individual has in his or her system a

> not medically prescribed controlled substance[ ], as defined in section 12–22–303(7), C.R.S. [2010], . . . as evidenced by a drug . . . test administered pursuant to . . . a previously established, written drug or alcohol policy of the employer and conducted by a medical facility or laboratory licensed or certified to conduct such tests.

Thus, to support a disqualification, section 8–73–108(5)(e)(IX.5) expressly requires an employer to show the presence of a controlled substance through a drug test conducted by a facility or laboratory licensed or certified to conduct drug testing.

Based on an evidentiary finding that employer "failed to prove that the test was performed by a certified laboratory," the hearing officer determined that employer had not satisfied this statutory requirement for disqualification under section 8–73–

108(5)(e) (IX.5). This evidentiary finding concerning employer's failure of proof is supported by the record. Employer's lone witness (the HR supervisor) could not recall the name of the testing laboratory, and the only evidence in the record describing the laboratory is an internal document of employer containing a handwritten notation of the laboratory's name. Employer presented no evidence regarding whether the laboratory was licensed or certified to perform drug testing.

■ Employer nevertheless contends it was not required to show the laboratory was licensed or certified because claimant did not specifically challenge the test results at the hearing. Absent some form of waiver or stipulation by claimant, however, we are not persuaded that this express statutory requirement for disqualification under section 8–73–108(5)(e) (IX.5) may be deemed either inapplicable or satisfied without evidentiary proof.

In reviewing the record, we perceive no such waiver or stipulation by claimant in this case. Although claimant argued and presented evidence that he was authorized to use medical marijuana, he never stipulated that the positive test results referenced by employer were accurate. To the contrary, claimant's counsel noted at the hearing that employer had not presented the actual laboratory test results and, instead, had submitted only internal company documents to show a positive test result. Indeed, in cross-examining employer's witness, claimant's counsel implicitly challenged the existence of the laboratory test itself by asking why employer had not submitted a copy of the actual report "from the lab where this [test] was allegedly done."

Nor are we persuaded by employer's assertion that this case is "very similar" to a precedential opinion issued by the Panel titled "Concerning Fault for Separations Caused by Off–the–Job Use of Medical Marijuana." See Dep't of Labor & Emp't Reg. No. 11.2.16.1, 7 Code Colo. Regs. 1101–2 (authorizing Panel, upon unanimous vote, to designate decision as precedential so as to be followed by hearing officers and deputies). In that decision, the Panel concluded that disqualification under section 8–73–

108(5)(e)(IX.5) was proper despite the absence of findings as to whether the testing facility was licensed or certified. Critical to that decision, and unlike here, was the claimant's specific concession that "he had marijuana in his system during working hours."

Although claimant acknowledged consuming marijuana contained in bread two days before employer required him to take the test, he also testified that he had not ingested or used marijuana on the date he was tested and was not "under the influence" of the drug at that time.

■ Employer references the laboratory's website and asks us to accept its assertion that the laboratory is licensed or certified. We may not consider these assertions or outside materials, however, because our review in this case is limited to the evidentiary record made before the hearing officer. See Goodwill Indus. v. Indus. Claim Appeals Office, 862 P.2d 1042, 1047 (Colo.App.1993).

■ Nor may we take judicial notice that the laboratory was licensed or certified or that the marijuana claimant admitted ingesting two days earlier was still in his system when he was tested. These factual issues are subject to reasonable dispute and are neither "generally known within the territorial jurisdiction" nor "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." CRE 201(b); see Prestige Homes, Inc. v. Legouffe, 658 P.2d 850, 853–54 (Colo. 1983) (court of appeals erred in taking judicial notice of, and relying on, certain scientific propositions found in medical treatises not offered or admitted into evidence); cf. Wright v. Kummerer, 186 N.C.App. 133, 650 S.E.2d 67 (N.C.Ct.App.2007)(unpublished table disposition) (district court did not err in refusing to take judicial notice of length of time marijuana remains detectable in human system because that information is not a "generally known" fact).

We acknowledge there may be circumstances in which an employer need not affirmatively show the testing laboratory or medical facility was licensed or certified. These circumstances could include those when a claimant stipulates to the licensed or certified

status of the facility or laboratory or when a claimant stipulates to having drugs in his or her system during working hours. On this record, however, we are not persuaded that claimant so stipulated or otherwise waived, or relieved employer of, the statutory requirement to establish a disqualification under section 8–73–108(5)(e) (IX.5). *See Universal Res. Corp. v. Ledford,* 961 P.2d 593, 596 (Colo.App.1998)(to establish waiver, there must be a clear, unequivocal, and decisive act by party demonstrating relinquishment).

Because the record supports the hearing officer's findings that employer failed to prove the laboratory conducting claimant's drug test was licensed or certified to conduct such tests, the Panel erred in imposing a disqualification under section 8–73–108(5)(e)(IX.5). Given this error, and because employer does not contend that claimant should be disqualified under any other statutory subsection, we conclude the Panel's order should be set aside and the matter remanded for reinstatement of the hearing officer's decision.

In light of our resolution of this issue, we need not address claimant's remaining contentions of error or his contention that employer "effectively abandoned" its appeal to the Panel by not filing a brief.

We deny employer's request for an award of appellate attorney fees. *See Pepsi–Cola Bottling Co. v. Colo. Div. of Emp't & Training,* 754 P.2d 1382, 1383–84 (Colo.App.1988)(noting that court lacked authority to impose sanctions for frivolous appeal in unemployment matter and that, even if it had such authority, appeal was not frivolous).

The Panel's order is set aside, and the case is remanded to the Panel with instructions to reinstate the hearing officer's decision.

Judge GABRIEL and Judge RICHMAN concur.