25CA0721 Nicholson v ICAO 01-22-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0721
Industrial Claim Appeals Office of the State of Colorado
DD No. 5090-2025

---

LaTasha Nicholson,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE KUHN
J. Jones and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 22, 2026

---

LaTasha Nicholson, Pro Se

No Appearance for Respondent

¶ 1     LaTasha Nicholson appeals an Industrial Claim Appeals Office (Panel) order upholding a hearing officer's decision to dismiss her action as untimely.  We affirm.

## I.     Background

¶ 2     After Comcast Cablevision of Willow Grove terminated Nicholson's employment in March 2024, she applied for benefits with the Division of Unemployment Insurance.  On May 31, a deputy with the Division issued a written determination on Nicholson's application, "postpon[ing]" her benefits because she elected to cash out her 401(k) account and did not reinvest the funds in another qualifying retirement account.  Effectively, the deputy explained, Nicholson's 401(k) funds substituted for unemployment benefits she would have otherwise received between April 28, 2024, and December 14, 2024.  The deputy further advised that the determination would be final unless Nicholson appealed it to the Division hearing office within twenty calendar days "from the mail date."

¶ 3     Nicholson appealed the determination 263 days later, on February 18, 2025.  A Division hearing officer dismissed the appeal as untimely.  Citing Division of Unemployment Insurance

Regulation 12.1.3.2, 7 Code Colo. Regs. 1101-2, the hearing officer concluded that the deputy's determination could not be reviewed because Nicholson "appealed [it] more than 180 days late."

¶ 4     Nicholson appealed the hearing officer's order to the Panel, contending that the Division failed to inform her regarding the time limitation. The Panel found that Nicholson "timely received the deputy's decision" that was "delivered to her address of record or uploaded to her MyUI+ account." The Panel also noted that her appeal was due June 20, 2024. Based on these findings, the Panel upheld the hearing officer's order that because Nicholson appealed the deputy's determination over 180 days past the deadline, her appeal must be dismissed under Regulation 12.1.3.2.

## II.    Analysis

¶ 5     Representing herself in this appeal, Nicholson contests the Panel's finding that she received the deputy's notice of determination and accompanying appeal instructions. She explains that, on the date the deputy issued the determination (May 31, 2024), she lacked a physical mailing address. Specifically, according to Nicholson, she sold her residence on May 28, 2024, without having secured new housing. She acknowledges that the

Division mailed the notice and appeal instructions on May 31, 2024, but, because she was "in the process" of having her mail forwarded, she received nothing from the Division via physical mail on or around that date.[1] Nicholson contends that in addition to not receiving the notice and appeal instructions, someone at the Division verbally told her she would need to appeal but neglected to advise her of the timeframe. Moreover, Nicholson was "unaware" she should check her MyUI+ account for the notice of determination. We discern no basis for setting aside the Panel's order.

### A. Standard of Review and Legal Principles

¶ 6 We defer to the Panel's factual findings and reasonable inferences to the extent substantial evidence in the record supports them. § 8-74-107(4), C.R.S. 2025; *Tilley v. Indus. Claim Appeals Off.*, 924 P.2d 1173, 1177 (Colo. App. 1996). We may only set aside the Panel's decision if (1) the Panel acted without or in excess of its

---

[1] We note that Nicholson included with her opening brief documentation ostensibly supporting her argument. However, this court does not consider evidence outside the record on appeal. *Sosa v. Indus. Claim Appeals Off.*, 259 P.3d 558, 560 (Colo. App. 2011).

powers; (2) the decision was procured by fraud; (3) the factual findings do not support its decision; or (4) the decision is erroneous as a matter of law.  § 8-74-107(6).  Substantial evidence is "probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a particular finding, without regard to the existence of contradictory testimony or contrary inferences."  *Rathburn v. Indus. Comm'n*, 566 P.2d 372, 373 (Colo. App. 1977).  Thus, mere conclusions do not suffice.  *Wecker v. TBL Excavating, Inc.*, 908 P.2d 1186, 1188 (Colo. App. 1995) ("[E]vidence is not substantial if it . . . constitutes a mere conclusion.").  We decide as a matter of law whether substantial evidence exists.  *Pub. Serv. Co. of Colo. v. Pub. Utils. Comm'n*, 26 P.3d 1198, 1205 (Colo. 2001).  And we may set aside the Panel's decision if the factual findings do not support the legal conclusion.  § 8-74-107(6)(c).

¶ 7      A claimant must appeal a deputy's determination "within twenty calendar days after the date of notification."  § 8-74-106(1)(a), C.R.S. 2025.  "The date of notification shall be . . . the date of transmission as recorded by the [D]ivision, if notification

is made by electronic means, or the date of mailing of a decision." *Id.*

¶ 8     The end of the twenty-day statutory filing period triggers the start of a 180-day grace period during which claimants may still file, with a rebuttable presumption of good cause for their untimeliness. Div. of Unemployment Ins. Reg. 12.1.3.1, 7 Code Colo. Regs. 1101-2. However, where the Division receives a claimant's appeal "more than 180 days beyond the expiration of the timely filing period [as established in section 8-74-106(1)(a)], good cause may not be established, a hearing shall not be scheduled, the appeal shall be dismissed, and the deputy's decision shall become final." Div. of Unemployment Ins. Reg. 12.1.3.1-2, 7 Code Colo. Regs. 1101-2.

### B.     The Incorrect Mailing Address Does Not Justify Setting Aside the Order

¶ 9     As discussed above, the date the Division mailed the notice, or transmitted it electronically — *not* the date the claimant receives the notice — triggers the appeal timeframe. § 8-74-106(1)(a); *see* Div. of Unemployment Ins. Reg. 12.1.3.1, 7 Code Colo. Regs. 1101-2. Here, the Panel expressly found that Nicholson's appeal

was "due by June 20, 2024." Thus, it necessarily also found that the Division mailed the notice twenty days prior — on May 31. Substantial evidence supports this finding.

¶ 10    Page three of the notice and appeal information states, "We *must receive* your appeal *no later than 20 calendar days from the mailing date* listed on the front of this form." The date shown at the top of the first page is May 31, 2024. Moreover, the first page also shows an appeal deadline of June 20, 2024. The Panel reasonably inferred from this evidence that the Division mailed the notice and appeal information on May 31, 2024. Because substantial evidence supports the Panel's reasonable inference, we have no basis to disturb it. *See Tilley*, 924 P.2d at 1177.

¶ 11    The fact that Nicholson had no forwarding address on or around May 31, 2024, does not allow us to set aside the Panel's order. Though she may have lacked a permanent address at that time, she nonetheless bore responsibility for "keep[ing] the [D]ivision promptly and directly informed" of an address where she could receive mail. Div. of Unemployment Ins. Reg. 1.11, 7 Code Colo. Regs. 1101-2.

¶ 12    Nor can we set aside the Panel's order because a Division employee failed to notify Nicholson of the appeal timeframe. The law presumes that a claimant pursuing unemployment benefits is familiar with the relevant statutes' content, including the twenty-day appeal window set forth in section 8-74-106(1)(a). *Paul v. Indus. Comm'n*, 632 P.2d 638, 639 (Colo. App. 1981).

¶ 13    Similarly, Nicholson's unfamiliarity with the Division's MyUI+ electronic platform does not merit setting aside the Panel's order. Section 8-74-106(1)(a) does not mandate electronic service. Rather, that section makes clear that the appeal timeframe is triggered upon *either* the mailing date or the date of electronic transmission. § 8-74-106(1)(a). Here, as discussed above, substantial evidence supports the Panel's finding that the Division mailed the notice and appeals information on May 31, 2024. And Nicholson doesn't contend otherwise, only arguing that she didn't receive it. Given these circumstances, no electronic transmission was required.

### III.    Disposition

¶ 14    The Panel's order is affirmed.

JUDGE J. JONES and JUDGE MOULTRIE concur.