OPINION
Plaintiffs-appellants, Lucy Schuley and Albert Schuley, appeal the decision of the Mahoning County Court of Common Pleas, granting summary judgment in favor of defendants-appellees, Consolidated Stores Corp. and Big and Small Lots Store No. 93.
On September 8, 1994, appellant Lucy Schuley attempted to enter a local Big Lots store. While trying to pass through appellees' entranceway, appellant immediately tripped on a rug that had become wedged under the door. In her response to an interrogatory, appellant claimed that she had attempted to avoid the raised rug but had tripped on it causing her to fall. However, during her deposition, appellant conceded that she had not looked at the rug prior to tripping over it but had observed the rug wedged under the door only after having tripped. In addition, appellant was unable to say whether her opening the door had caused the rug to become wedged underneath or whether the rug had been wedged under the door prior to her attempt to enter the store.
On August 23, 1996 appellants filed a complaint in the Mahoning County Court of Common Pleas, alleging a negligence action on behalf of Lucy Schuley and a cause of action for loss of services and consortium on behalf of Albert Schuley. Appellees filed a motion for summary judgment on March 26, 1998, to which appellants responded on June 8, 1998. On June 16, 1998, the trial court issued a judgment entry granting summary judgment in favor of appellees. Specifically, the trial court stated that there had been no evidence that appellees had notice or superior knowledge of the dangerous condition, and that appellant had failed to protect herself against an open and obvious danger by failing to look down at the rug before she fell. It is from this order that appellants bring this timely appeal.
Appellants bring two assignments of error, the first of which states:
 "THE COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT CLAIMED THAT THE CONCEALED MAT WAS AN OPEN OBVIOUS DANGER WHEN IT IS A GENUINE ISSUE OF MATERIAL FACT WHETHER APPELLANT COULD REASONABLY HAVE BEEN EXPECTED TO SEE THE MAT PROTECT AGAINST IT"
Appellants argue that the trial court erred by weighing the evidence and then concluding that appellant Lucy Schuley had failed to conduct a reasonable inspection of an open and obvious danger. Appellant claims she was unable to discover or protect against the rug because she had no opportunity to do so. As such, appellants claim the trial court erred in ruling that the rug was an open and obvious danger, where such remained a genuine issue of material fact.
As a preliminary matter, we must decide the extent of the record on appeal. In its motion for summary judgment appellees relied on the deposition of appellant Lucy Schuley which had been previously filed with the trial court. Appellants' motion in opposition contained the affidavit of appellants' daughter, Louise Cooper, and the affidavit of appellant Lucy Schuley dated June 5, 1998. In addition, in its reply brief appellees referred to and attached a copy of appellants' responses to interrogatories.
Following the trial court's grant of summary judgment, appellants filed their motion to vacate and/or reconsider. Said motion contained a second affidavit of appellant Lucy Schuley dated July 2, 1998. The trial court granted summary judgment on June 16, 1998 and appellants filed their notice of appeal on July 15, 1998. Appellants' motion to vacate/reconsider was overruled twice by the trial court, once on July 20, 1998 and again on July 28, 1998.[1] At the time the trial court ruled on the motion for summary judgment the second Schuley affidavit had not been executed let alone included in the record. In order for evidence to be considered on a motion for summary judgment, it must be "timely filed in the action." Countrymark Coop., Inc. v. Smith
(1997), 124 Ohio App.3d 159, 169 (citing Civ.R. 56[C]). In reviewing a trial court's grant of summary judgment, a reviewing court may only consider those evidentiary materials that were properly before the trial court at the time it ruled on the motion. American Energy Services v. Lekan (1992), 75 Ohio App.3d 205,208. Because the second Schuley affidavit was not available for the trial court to consider when ruling on the motion for summary judgment, said affidavit will not be considered by this court on appeal.
Under Civ.R. 56 summary judgment is proper when:
 "(1) No genuine issue as to any material fact remains to be litigated;
 "(2) The moving party is entitled to judgment as a matter of law; and
 "(3) It appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Welco Industries, Inc. v. Allied Cos. (1993), 67 Ohio St.3d 344, 346
Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the non-moving party. Id. Nevertheless, summary judgment is appropriate when a plaintiff fails to produce evidence supporting the essentials of its claim. Id. In reviewing a trial court's decision to grant summary judgment, a court of appeals must conduct a de novo review of the record. Sethi v. Antonucci
(1998), 126 Ohio App.3d 382, 385-386.
A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, a shopkeeper is under no duty to protect business invitees from dangers "which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Id.,
at 203-204.
An examination of the record demonstrates that the trial court erred as a matter of law when it ruled that the rug upon which appellant slipped constituted an open and obvious danger. In order to prevail on this issue appellees were required to show that reasonable minds could only conclude that appellant had a reasonable opportunity to inspect the hazard and should have discovered and protected herself against it. We believe the record in the instant case falls short of establishing this as a matter of law. Appellant testified that she fell almost immediately upon crossing through the entrance to appellees' store and that she did not see the rug before falling. From this evidence alone, reasonable minds could conclude that appellant had no opportunity to inspect against the hazard, particularly where the rug was situated on the other side of the doorway.
We note that the record contains no evidence pertaining to the lighting in the store at the time, the color of the rug compared to that of the floor, or whether the rug was clearly visible through the door. Appellant was not on any medication that would have impaired her ability to walk through the entranceway, nor was she familiar with the store, having made only one prior visit to the store in question. While appellant had a duty to exercise reasonable care in entering the store, she was under no duty to look constantly downwards. Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680-681. As such, a genuine issue of material fact remains as to whether or not the rug in question was an open and obvious hazard.
We find support for this decision in cases that have dealt with similar factual situations. For example, in Tandy v. St. AnthonyHosp. (Nov. 29, 1988) Franklin App. No. 88AP-551, unreported, a plaintiff tripped and fell over a doormat placed outside of a door as he was leaving a hospital. In his deposition the plaintiff stated that as he pushed the door open the doormat "must have bunched up into a hump, but that he did not notice it at the time." Id., at *1. The Franklin County Court of Appeals reversed the trial court's grant of summary judgment without any suggestion that the doormat in question presented an open and obvious hazard.
This court has itself found summary judgment to be inappropriate under very similar circumstances. In Barlow v.Thorne Foods Inc. (June 20, 1985), Carroll App. No. 505, unreported, a plaintiff fell over a piece of carpet located inside the entrance to a store. There were no eyewitnesses to the plaintiff's fall and the plaintiff's deposition testimony was that "* * * my left foot caught the carpet. I grabbed the rail in the middle, and I couldn't hold on. It swung me around, and I went down on my left hip." Id., at *1. In addition, the plaintiff was unable to describe the position or condition of the carpet prior to the fall but recalled the carpet being turned up afterwards. In reversing the trial court's grant of summary judgment, this court ruled that a genuine issue of material fact remained as to whether the doormat was an unreasonably dangerous condition or defect. This was so despite the fact that the plaintiff had shopped in the store numerous times over the years.
Accordingly, we believe there remained a genuine issue of material fact as to whether the rug in the instant case presented an open and obvious danger that appellant should have protected herself against. Appellant's first assignment of error is found to have merit.
Appellants' second assignment of error states:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT RULED THAT THE MAT WAS AN OPEN OBVIOUS DANGER SINCE THE PLACING OF THE MAT ON A HARD TILE SURFACE IN OF ITSELF CREATED A POTENTIAL FORESEEABLE HAZARD BY DEFENDANTS' EMPLOYEES THAT CONSTITUTES KNOWLEDGE OR NOTICE OF THIS HAZARD THUS NEGATING THE NEED FOR ACTUAL OR CONSTRUCTIVE KNOWLEDGE OR NOTICE."
Appellants argue that the trial court erred as a matter of law when it ruled that appellees were required to have notice or superior knowledge of the dangerous condition before any duty could be imposed upon them. Rather, appellants claim that said knowledge is not required under the facts of the instant case, and rely upon Presley v. Norwood (1973), 36 Ohio St.2d 29, for the proposition that when a defendant creates a hazardous condition by his own conduct, the plaintiff is not specifically required to show that the defendant had knowledge or notice. According to appellants, notice or superior knowledge was not necessary in the instant case because appellees created the dangerous condition.
In response, appellees argue that the trial court acted in accordance with law when it ruled that appellees had to have notice or superior knowledge of the dangerous condition before a duty could be imposed upon them. Appellees contend that by arguing that appellees created the hazard, appellants are trying to avoid the notice requirement that is typically required in slip and fall cases. In addition, appellees assert that appellants have provided no evidence to show that appellees created the dangerous condition that caused appellant's injuries.
In order for a plaintiff to recover damages from a slip and fall accident as a business invitee, the following must be established:
 "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Combs v. First Natl. Supermarkets, Inc.
(1995), 105, Ohio App.3d 27, 29 (citing Johnson v. Wagner Provision Co. [1943], 141 Ohio St. 584, 589)
As such, if a plaintiff proves that the defendant or its employees created the dangerous condition, the plaintiff does not have to show that the defendant had knowledge of the dangerous condition. Baudo v. Cleveland Clinic Found. (1996), 113 Ohio App.3d 245,247-248.
In the instant case, appellants' complaint alleges that appellees failed to properly maintain the rug and that said failure made it foreseeable that the rug would slide and twist under the door thereby constituting a hazard. Notably, appellants' position is not that a third party created the dangerous condition, but that appellees themselves created it. Appellants' claims therefore fall under the first category of situations outlined in Johnson, supra.
A party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on an essential element of the nonmoving party's claim. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Id. at 293. As such, in order to prevail in the instant case appellees were required to show that they were not responsible for placing the rug in a position where it was foreseeable that said rug would twist up under the door. Appellees introduced no evidence with respect to this issue. In their brief appellees appear to concede that they were responsible for placing the rug in front of the entrance door. As such, the trial court erred in requiring appellants to demonstrate that appellees had notice or superior knowledge of the hazardous condition.
Appellees appear to argue that appellants' theory is flawed in that appellants failed to show that appellees created the dangerous condition viz. the bulge in the rug. However, we are persuaded by the reasoning of the court in Tandy, supra, wherein the court, faced with a similar argument, stated as follows:
 "In this case, plaintiff is not alleging that defendant's liability is based solely upon its superior knowledge of the present existence of a dangerous condition relating to the doormat. Instead, "plaintiff contends that defendant negligently placed the doormat in such a position that, as a natural result, a hazardous condition was created. * * * It is not defendant's lack of notice which is determinative, but, rather, whether it negligently placed the doormat in such a position as to create a dangerous or hazardous condition." Tandy, supra, at *2
In reversing the trial court's grant of summary judgment, the court in Tandy noted that the evidence presented by the defendant did not negate the defendant's having created a dangerous condition. See also Altomare v. Columbiana Cty. Career Ctr. (Dec. 3, 1997), Columbiana App. No. 97-CO-04, unreported, *3 ("the court of appeals [in Tandy] concluded that plaintiff presented sufficient evidence from which reasonable minds could infer that the defendant created the dangerous condition.")
The similarity between the facts in Tandy, supra, and the facts at issue in the instant case require this court to reach a similar conclusion. Appellees have failed to meet their burden of establishing as a matter of law that they did not create the dangerous condition. Nothing in the record negates the inference that appellees were responsible for placing the rug inside the entrance to the store. As such, the trial court erred in requiring appellants to establish that appellees had notice or superior knowledge of the hazardous condition.
Accordingly, appellants' second assignment of error is found to have merit.
Having found merit to both of appellants' assignments of error, the decision of the trial court is hereby reversed and this matter is remanded for further proceedings according to law and consistent with this court's opinion.
VUKOVICH, J., dissents; see dissenting opinion.
WAITE, J., concurs.
 ______________________ Gene DONOFRIO, JUDGE
[1] Although not at issue in this appeal, we note that once the notice of appeal was filed the trial court lacked jurisdiction to consider the merits of appellants' motion to vacate. Howard v.Catholic Social Serv. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141,147. In addition, a motion for reconsideration in the trial court is a nullity and a legal fiction. State ex rel. Pendell v.Adams Cty. Board of Elections (1988), 40 Ohio St.3d 58, 60.