OPINION
This matter presents a timely appeal from a judgment rendered by the Belmont County Common Pleas Court, granting summary judgment in favor of defendant-appellee, Nationwide Insurance Co.
Plaintiffs-appellants, Ronda Stokes and Donald Stokes, were the driver and passenger of a vehicle involved in an accident on December 3, 1994. Appellants, both Ohio residents, were struck from behind by another vehicle while on Interstate I-70, near Wheeling, West Virginia. Appellants subsequently reached settlements with the insurance carrier for the primary tortfeasor, George Meyers, of West Virginia, and the insurance carrier for the owner of the automobile which appellant, Ronda Stokes, was operating at the time of the accident.
On May 13, 1997, appellants filed a complaint for declaratory judgment against appellee, an Ohio corporation, seeking to recover damages pursuant to an insurance policy between the parties which included a provision for underinsured motorist coverage. Appellants sought to apply West Virginia tort laws so that Ohio's collateral source rule would not preclude them from fully recovering under their underinsured motorist provision. Appellants asserted that appellee improperly applied Ohio law to diminish their recovery in accordance with the damages already paid by the insurance carriers for both the primary tortfeasor and the owner of the automobile.
Both parties filed motions for summary judgment and on June 29, 1998, a hearing was held before the trial court on said motions. Upon due consideration of the evidence presented, the trial court issued its judgment entry on October 13, 1998, granting summary judgment in favor of appellee.
Specifically, the trial court found that Ohio contractual laws determined the benefits available to appellants because the insurance policy between the parties was a contract executed in Ohio by Ohio residents. The trial court further found that R.C. 3937.18(A)(2) was both constitutional in its application to the issues presented in this matter, and was properly followed by appellee. Finally, the trial court noted that appellee had already paid appellants the difference between their underinsured motorist coverage and the amounts received from the insurance carriers for both the primary tortfeasor and the owner of the automobile. Thus, the trial court concluded that appellee owed no further payment to appellants. This appeal followed.
Appellants' sole assignment of error on appeal alleges:
 "The trial court erred in granting Defendant's Motion for Summary Judgment with respect to the Declaratory Judgment portion of this complaint because the Plaintiffs, rather than the Defendant, demonstrated that they were, as a matter of law, entitled to summary judgment pursuant to Ohio Civil Rule 56."
Appellants essentially argue that the trial court erred as a matter of law by weighing the evidence and then concluding that Ohio contractual law governed this dispute rather than West Virginia law. Appellants claim that the insurance contract was inherently ambiguous by its terms and, therefore, should have been interpreted in their favor.
In determining whether a trial court has properly granted summary judgment, a court of appeals must conduct a denovo review of the record. Sethi v. Antonucci (1998), 126 Ohio App.3d 382, citing Renner v. Derin Acquisition Corp. (1996),111 Ohio App.3d 326. Summary judgment is governed by Civ.R. 56(C), which states, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Welco Industries, Inc. v.Applied Companies (1993), 67 Ohio St.3d 344, 346; Civ.R. 56(C).
A case recently decided by the Ohio Supreme Court,Csulik v. Nationwide Mutual Insurance Company (2000), 88 Ohio St.3d 17, is factually identical to the one at bar. In Csulik, the insureds had underinsured motorist coverage pursuant to an insurance policy issued in Ohio by Nationwide Mutual Insurance Company. The insureds were subsequently injured in an automobile accident in Pennsylvania. The underinsured motorist provision, as set forth in the policy, stated that "`We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury suffered by you or a relative.'"Csulik, supra at 18. The Ohio Supreme Court held that the phrase "due by law" was ambiguous, susceptible to more than one interpretation, and that as such, the ambiguity must be construedstrictly against the insurer and liberally in favor of the insured. Csulik, supra.
The underinsured motorist provision in the case at bar was not only issued and executed by the very same defendant, Nationwide, but it also contained the exact same phrase, "due by law." Similarly, this matter also presented Ohio residents with a dispute regarding whose laws should apply when insureds are involved in an out-of-state automobile accident with an underinsured driver.
Consistent with the Ohio Supreme Court's recent mandate in Csulik, supra, the insurance policy at issue must be construed strictly against appellee, as the insurer, and liberally in favor of appellants, as the insureds. Thus, West Virginia tort law must apply and not Ohio contractual law. Accordingly, the trial court clearly erred, as a matter of law, in granting summary judgment in favor of appellee.
Appellants' sole assignment of error is found to be with merit.
The judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance with law and consistent with this opinion.
DONOFRIO, J., VUKOVICH, J., concurs.