OPINION
This matter presents a timely appeal from a judgment rendered by the Columbiana County Common Pleas Court sustaining the motion for summary judgment filed by plaintiff-appellee, Jennifer Snyder, by Thomas Snyder Father, and overruling the motion for summary judgment filed by defendant-appellant, Motorists Mutual Insurance Company.
On August 11, 1995, appellee was a passenger in a motor vehicle driven by Steve J. Cross (Cross). The vehicle struck a guardrail and overturned, injuring appellee. Cross was covered under his parents' automobile liability insurance policy for claims up to $100,000.00. Appellee was covered under her parents' automobile liability insurance policy with appellant, which included an uninsured/underinsured limit of $100,000.00. Appellee's parents first obtained insurance through appellant on October 23, 1977 and continuously renewed their coverage. At all times, the insurance policy was identified by the same policy number.
On January 24, 1997, appellee filed a complaint against Cross for negligent operation of a motor vehicle, Freda Williams for negligently entrusting her vehicle to Cross and appellant, seeking judgment and payment pursuant to her parents' underinsured motorist coverage. Appellant answered appellee's complaint with a general denial of coverage. Appellee ultimately settled with Cross for his $100,000.00 policy limit.
Appellee and appellant thereafter filed cross motions for summary judgment. On March 17, 1999, the trial court filed its opinion and judgment entry, sustaining appellee's motion for summary judgment and overruling that which was filed by appellant. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "The Trial Court erred by entering summary judgment for the Plaintiff-Appellee, and by overruling Defendant-Appellant's Motion for Summary Judgment."
In Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, 508, the Ohio Supreme Court held that "underinsured motorists who suffer from injuries caused by an automobile accident are entitled to collect up to the full limits of their underinsurance policy to the extent that their damages exceed the amounts which the tortfeasor's insurer has already paid to them." In response to Savoie, the Ohio General Assembly amended R.C. 3937.18. The amendment, which became effective October 20, 1994, provides that underinsured motorist coverage is not excess insurance, and the policy holder is only entitled to recover an amount that she would receive if the tortfeasor was uninsured. Am.Sub.S.B. No. 20.
In Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, the Ohio Supreme Court held that the statutory law in effect at the time of entering into a contract of insurance controls the rights and duties of the contracting parties. Thus, the ultimate question in this case is whether the underinsured policy under which appellee was covered became effective prior to October 20, 1994.
Appellant argues that the policy under which appellee was covered at the time of the accident was issued on April 23, 1995. Appellant relies on the language contained in a declaration issued to appellee's parents. That declaration describes the policy period as being "from 4/23/95 to 10/23/95." It states, "this page voids and supersedes all prior issues, and together with forms U-831, U-816 and endorsements, if any, completes the below numbered policy." It also contains a notation that "each policy period begins and ends at 12:01 A.M.S.T. at the address of the named insured shown." Appellant concludes that taken together, these provisions demonstrate that a new, six-month policy took effect on April 23, 1995.
Appellant concedes that the policy number has remained the same since the policy was originally issued in 1977. Appellant contends, however, that the policy number is merely used as a record keeping device and is irrelevant to this case.
Finally, appellant notes that consideration is an essential element to every contract. Because appellee's parents only paid for six months of coverage at a time, appellant argues that at the end of the six month period, the previous policy lapsed, and a new policy was issued. Therefore, appellant concludes that Savoie, supra is inapplicable, and R.C. 3937.18 as amended should apply.
Appellee insists that the insurance under which she was covered at the time of the accident was issued on October 23, 1977. She contends that throughout its existence, the policy contained all the indicia of the original contract. It maintained the same policy number, the same policy limits and the same parties. Furthermore, appellee notes that amendments to the policy indicate the existence of a continuing contract. The amendment forms contain the notation that "this endorsement changes the policy. Please read it carefully." (Emphasis added).
In Spence v. Westfield Nat. Ins. Co. (September 2, 1988), Monroe App. No. 797, unreported, this court held that policy declarations identifying renewals by the same policy number as the original support a conclusion that the policy was a continuing insurance policy subject to periodic renewals and not a new insurance contract. Initially, therefore, it appears that the insurance policy under which appellee was covered at the time of the accident became effective on October 23, 1977. The Ohio Supreme Court, however, recently ruled that, in accordance with the policy periods mandated by R.C. 3937.31(A), the commencement of each new policy period "brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy." Wolfe v. Wolfe (2000),88 Ohio St.3d 246, 250.
R.C. 3937.31(A) requires, in part, that "[e]very automobile insurance policy shall be issued for a policy period of not less than two years or guaranteed renewable for successive policy periods totaling not less than two years."
Appellee argues that, in the event this court finds that the policy was not continuous from October 23, 1977, she was at the very least, covered under a guaranteed two-year policy, for which her parents paid in six-month intervals. She insists that the last guaranteed two-year policy period preceding the accident commenced on October 23, 1993, nearly one year prior to the effective date of R.C. 3937.18 as amended. We agree.
Appellant's reliance upon Benson v. Rosler (1985), 19 Ohio St.3d 41, to support its position, is misplaced as such case was recently overruled inWolfe, supra at 251-252. In Wolfe, the Ohio Supreme Court held that the majority in Benson misconstrued R.C. 3937.31(A). The Court noted that "[t]he Benson majority failed to consider the statute's proper application, as well as the public policy behind the enactment, to contracts of automobile liability insurance issued in this state. In effect, the majority's final determination in Benson renders the language of R.C. 3937.31(A) meaningless." The Ohio Supreme Court went on to "limit the holding of Benson and reject those portions of the Benson
opinion to the extent that they conflict with R.C. 3937.31(A). Wolfe,supra at 252.
In determining whether a trial court has properly granted summary judgment, a court of appeals must conduct a de novo review of the record. Sethi v. Antonucci (1998), 126 Ohio App.3d 382, citing Rennerv. Derin Acquisition Corp. (1996), 111 Ohio App.3d 326. Summary judgment is governed by Civ.R. 56(C), which states, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Welco Industries, Inc. v. AppliedCompanies (1993), 67 Ohio St.3d 344, 346; Civ.R. 56(C).
In the case at bar, appellant originally issued the insurance policy to appellee's parents on October 23, 1977. R.C. 3937.31(A) clearly requires that each new policy period, whether it be attendant to a renewal policy or a new contract of insurance, be offered for at least a two-year period. Wolfe, supra. Thus, appellant's contention that the declaration issued on April 23, 1995 constituted a new contract for insurance is not well-taken and is essentially, irrelevant. In accordance with the dictates of R.C. 3937.31(A), the last guaranteed two-year policy period preceding the accident in this matter commenced on October 23, 1993. As such, R.C. 3937.18 as amended does not apply. The law in accordance withSavoie, supra clearly applies and appellee is entitled to recover under the underinsured motorist provision within her parents' policy.
Accordingly, there was no genuine issue of material fact to be decided in this case and the trial court appropriately granted summary judgment in favor of appellee.
Appellant's sole assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
 _____________________ COX, P.J.
Donofrio, J., concurs, Vukovich, J., concurs.