STAPLETON ET AL., APPELLANTS, *v.* COLUMBIA GAS TRANSMISSION CORPORATION ET AL., APPELLEES.

16

(No. 1466—Decided May 5, 1981.)

*Messrs. Crowe, McCown & McCown* and *Mr. David H. McCown,* for appellants.

*Messrs. Klein, Slagle & Klein, Mr. Charles C. Klein* and *Mr. James P. Holland,* for appellee Columbia Gas Transmission Corporation.

*Mr. O. Clark Collins, Jr.,* for appellees Carl and Lillian Ruggles.

STEPHENSON, J. This is an appeal from a grant of summary judgment entered by the Court of Common Pleas of Lawrence County in favor of Columbia Gas Transmission Corporation (Columbia Gas) and Carl and Lillian Ruggles, defendants below and appellees herein, upon their motions for summary judgment and against Emogene and Larry Stapleton, plaintiffs below and appellants herein. The following errors are assigned:

"1. The Court erred in granting summary judgment in that there were some genuine issues of fact upon which there was no evidence and same [*sic*] upon which there was conflicting evidence.

"2. The Court erred in ruling that as a matter of law a purchaser of real estate upon which there is situated a house which house is using gas in violation of lease covenants is entitled to free gas rights in spite of a specific reservation in his deed denying him any rights to oil and gas.

"3. The Court erred in refusing to permit a lessor of oil and gas rights to recover damages due to unauthorized use by a subsequent owner of a portion of the surface of the land over and above the oil and gas rights.

"4. The Court erred in permitting a lessee of oil and gas rights to furnish free gas to a stranger to the lease and ownership of the gas and oil rights and further in failing to compensate the lessor for unauthorized usage condoned and contributed to by said lessee."

Appellants filed an amended complaint against appellees in the court below seeking, essentially, a declaration that they were entitled to free gas under a certain lease, an injunction against the Ruggleses and Columbia Gas prohibiting the use of the "free gas" by the Ruggleses, and monetary damages against Columbia Gas. After answering the amended complaint, appellees, by separate motions, moved for summary judgment relying on the lease, certain deeds attached to their motions, and a deposition of appellant Emogene Stapleton. The court below, on October 17, 1979, granted the motions.

The following pertinent facts appear in the evidentiary material in the record that may be considered for summary judgment purposes[1]:

---

[1] On October 18, 1979, appellants moved for findings of fact and conclusions of law, which findings the court entered on December 12, 1979. Such findings were not required and were unnecessary by express provision in Civ. R. 52 as to Civ. R. 56 motions. The reason why such findings are unnecessary is that in applying the "reasonable minds" test in Civ. R. 56(C) the court in a summary judgment proceeding is presented with only a *question of law* in the same manner that a court in a jury trial applies the reasonable minds test for a directed verdict under Civ. R. 50, which, if granted, requires no findings of fact or conclusions of law. *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215 [58 O.O.2d 424]; *Bauer* v. *Cleveland Ry. Co.* (1943), 141 Ohio St. 197 [25 O.O. 297]. Civ. R. 56(D) provides that when a case is not fully ad-

(1) On March 12, 1930, Otho and Nettie Gillette entered into a lease granting to the Chartiers Oil Company the oil and gas in a ninety-eight acre tract located in Lawrence County, Ohio. The lease provided, *inter alia,* the following:

"If gas is found in paying quantities to the lessees and conveyed from the premises, the lessors may have gas free of cost by laying the necessary line and making connection at their cost at such point as may be designated by lessees for light and heat in the mansion house on said premises, to be used with economical appliances subject to approval of lessees. Said gas to be used at lessors' own risk, and lessees not to be in any way liable for insufficient supply of gas caused by the use of pumping stations, breakage of lines, or other causes, but nothing herein shall prevent the lessees from abandoning any well or wells and removing the pipe therefrom. The lessees agree to pay for all damages caused to growing crops by said operations.

"* * *

"It is agreed that all the conditions and terms herein shall extend to the heirs, executors, successors and assigns of the parties hereto."

(2) Columbia Gas is the successor to the original lessee, the Chartiers Oil Company.

(3) On September 14, 1945, the lessors, Otho and Nettie Gillette, conveyed to appellant Emogene Stapleton and her husband Hayden Stapleton, now deceased, the tract covered by the lease.

(4) In 1952 or 1953, the Stapletons began using the free gas for domestic purposes at their dwelling on the tract, although the free gas provision had not previously been exercised.

(5) On November 12, 1958, the Stapletons reconveyed forty acres of the original tract to the Gillettes, but, in the reconveyance, retained oil, gas and mineral rights.

(6) On May 12, 1958, the Stapletons conveyed to John and Mattie Stapleton a 1.21 acre tract.

(7) In 1959 John Stapleton extended a gas line from the residence of Emogene and Hayden Stapleton and also began using free gas to his newly built home on the 1.21 acre tract.

(8) On December 21, 1959, a conveyance of 0.28 acres was made by Emogene and Hayden Stapleton to Kenneth R. Hughes and Shelfie J. Hughes, the oil, gas and mineral rights being excepted and retained by the Stapletons.

(9) By deed dated May 2, 1961, Hayden and Emogene Stapleton conveyed a 50.14 acre tract to appellees Carl and Lillian B. Ruggles, excepting therefrom the prior conveyance of 1.21 acres to John and Mattie Stapleton, the prior conveyance of 0.28 acres to the Hugheses, and also excepting a specifically described 0.25 acre tract from the conveyance. Further excepted were "all the minerals and oil and gas underlying said premises." The tract conveyed to the Ruggleses included the dwelling which was receiving free gas under the lease.

(10) By deed dated May 15, 1961, John and Mattie Stapleton reconveyed the 1.21 acre tract to Hayden and

---

judicated upon a motion for summary judgment and a trial is necessary, the court is authorized to make an order finding and specifying the facts not in controversy, which provision is inapplicable herein since complete disposition was made by the summary judgment.

Pursuant to Civ. R. 56 the court is required to construe the evidentiary material most strongly in favor of the non-moving party and may not weigh such evidence nor consider credibility of witnesses. Accordingly, the conclusions of the court will be considered insofar as they reflect the reasoning of the court with respect to uncontroverted facts. For a similar approach see *DeTar Distributing Co.* v. *Tri-State Motor Transit Co.* (C.A. 10, 1967), 379 F. 2d 244.

Emogene Stapleton,[2] established a home in the dwelling thereon and continued to use the free gas which was extended from the dwelling sold to the Ruggleses who also continued to use the free gas.[3]

(11) In 1975 or 1976 a dispute arose as to who was entitled to receive the free gas. In effect, Columbia Gas elected to allow the Ruggleses and not appellants free gas privileges.

A beginning point in the resolution of this appeal is a determination of what the parties to the 1930 lease intended therein with respect to the free gas provision. Such provisions are not novel, are in general use and have frequently resulted in litigation, particularly in Kentucky and West Virginia. There is, however, a paucity of Ohio decisions.

Inasmuch as we view the provision in question as a covenant, the cardinal principle of interpretation is to ascertain the intent of the parties as that intention is reflected in the provisions of the instrument as a whole with resort, if necessary, to surrounding facts and circumstances at the time of execution. 15 Ohio Jurisprudence 2d Rev. 8, Covenants, Section 4.

We believe it self-evident that by the use of the term "in the mansion house" that only one such house was to receive free gas and it is not contended otherwise either below or herein.[4] Accordingly, when the Stapletons began the use of the free gas in 1952 or 1953, no other house was entitled to free gas. Thus, the 1959

extension of the gas line to the house located upon the 1.21 acre tract was unauthorized; and, had a dispute arisen at that point in time, Hayden and Emogene Stapleton would have prevailed. Thus appellants are not aided by the sole fact that when they acquired the 1.21 acre tract, the previous occupants of the house on that tract were utilizing free gas and had done so in the past.

Also necessary for resolution are the further questions of whether the parties to the lease intended the free gas provision to be personal to the lessors or whether it was intended to run with the land, and, if so, with the ownership of the surface or with the underlying oil, gas and mineral estate.

Outside Ohio such a provision as here considered is generally treated by the courts as a covenant which runs with the surface of the leasehold tract unless a contrary intention appears from the wording of the instrument. The theory upon which the covenant is held to run with the surface and not the mineral, gas and oil estate is that the surface owner of the house, or other building located thereon and entitled to free gas, is presumptively the one intended to be benefited. *Warfield Natural Gas Co.* v. *Small* (1940), 282 Ky. 347, 138 S.W. 2d 488; *United Fuel Gas Co.* v. *Battle* (1969), 153 W.Va. 222, 167 S.E. 2d 890, appeal dismissed (1969), 396 U.S. 116. See, also, *Jackson* v. *Farmer* (1979), 225 Kan. 732, 594 P. 2d 177; 4 Kuntz, Law of Oil and Gas (1972), Sec-

---

[2] The deed to the Ruggleses, dated May 2, 1961, was recorded on May 17, 1961, while the reconveyance deed of the 1.21 acre tract to the Stapletons, dated May 15, 1961, was recorded on May 16, 1961. From the recording dates appellants assert ownership of the 1.21 acre tract prior to the sale to the Ruggleses. When the deeds were delivered, as opposed to their execution, does not appear in the record.

[3] After deeding a 0.41 acre tract from the 1.21 acre tract, in 1971 Hayden and Emogene Stapleton deeded the remaining part of the

tract to Larry Stapleton upon which the house receiving free gas was located with the grantors reserving a life estate. Larry Stapleton, an appellant herein, was joined as a party plaintiff upon motion of Columbia Gas.

[4] We attach no particular significance to the use of the term "mansion house" as opposed to the more frequently used term of "dwelling house" under the facts of this case. At common law it was a term used interchangeably with "dwelling house" and "homestead." See *Dorfmeier* v. *Dorfmeier* (1954), 69 Ohio Law Abs. 15, 123 N.E. 2d 681.

tion 53.6. A contrary result is reached, however, and the right to receive free gas is personal when the lease specifies the parties to whom the gas is to be supplied. *Lyons* v. *Gambill* (1932), 242 Ky. 696, 47 S.W. 2d 532; *Howell* v. *Kentucky-West Virginia Gas Co.* (Ky. 1955), 275 S.W. 2d 429.

An important factor in determining whether the parties intended the free gas provision to run with the land is whether the lease provides that the terms and conditions of the lease shall extend to the contracting parties' heirs, successors, personal representatives and assigns. *Wagner* v. *Hamilton* (1946), 303 Ky. 120, 196 S.W. 2d 973. In the case *sub judice*, the parties agreed in the lease that "all the conditions and terms herein shall extend to the heirs, executors, successors and assigns."

While no Ohio case has been cited respecting a free gas clause in an oil and gas lease with respect to whether it is personal or real and runs with the land, basically, the Ohio courts make such determinations based upon the manifested intention of the parties and whether the covenant burden and benefits relates to and concerns the land and whether the covenant is consistent with public policy. 15 Ohio Jurisprudence 2d Rev., Covenants, Sections 14-16. It is not essential to the running of a covenant that the words "heirs, successors or assigns" be used; however, when they are so used, as here, it clearly reflects the intention of the parties in that respect. *Peto* v. *Korach* (1969), 17 Ohio App. 2d 20 [46 O.O.2d 29]; *Siferd* v. *Stambor* (1966), 5 Ohio App. 2d 79 [34 O.O.2d 189].

In light of the above authorities, we hold the free gas provision here considered was a real covenant which ran with the surface ownership of the leasehold tract, and had appellant conveyed the whole tract the right to free gas would have run with the land and passed to the grantee. A different problem is, however, presented when, as here, less than the whole of the surface of the leasehold tract is conveyed.

Appellants assert that the right to receive free gas does not pass under a deed conveying the part of the surface tract upon which the house receiving free gas is located as long as any portion of the surface of the leasehold estate is retained by the grantor. Implied in such argument is that appellant Emogene Stapleton had the right, since no specific mansion house is described, to transfer the free gas benefit to any portion of the tract to which she relocates her mansion house. Cf. *Salisbury* v. *Columbian Fuel Corp.* (Ky. 1965), 387 S.W. 2d 864.

In the cause herein, Emogene Stapleton retained 0.25 acres and also claims the 1.21 acre tract which was acquired prior to the Ruggleses, although the latter contention is not supported in the record. See fn. 2, *supra*.

Assuming the time of acquisition of the 1.21 acre tract to be as claimed by appellants, and further assuming the right to relocate the mansion house, the simple fact is that no such intention was manifested prior to or at the time of the conveyance to the Ruggleses. To achieve that result it would have been necessary to have specifically withheld the non-apportionable free gas right from the conveyance to the Ruggleses; no such provision appears. Absent such a provision, it is inferable that the right to free gas entered into and increased the price paid by the Ruggleses to Emogene and Hayden Stapleton for the tract conveyed.[5]

Appellants further argue that the exception of the oil, gas and mineral rights in the Ruggleses' deed also excepted the right to free gas. We disagree by reason

---

[5] Whether a disconnecting of the gas line to the house sold to the Ruggleses at the time of sale would have been sufficient to withhold the free gas rights, we need not decide since no such disconnection was ever made.

of our prior conclusion that the free gas covenant ran with ownership of the surface and not the gas, oil and mineral estate. Since the right to free gas was not excepted from the deed to the Ruggleses, and since the deed conveyed the house receiving free gas, we hold that the right to free gas passed under the deed provisons conveying "all the privileges and appurtenances to the same belonging, and all the rents, issues and profits thereof."

For the reasons above set forth, the first and second assignments of error are overruled.

The third and fourth assignments of error are dependent upon the validity of the first two assignments of error; and, concluding that the first two assignments of error are not well taken, it follows that no error intervened in the judgment insofar as it allows the use of free gas by the appellees and fails to award damages to appellants. Therefore, the third and fourth assignments of error are overruled and the judgment is affirmed.

*Judgment affirmed.*

GREY, P.J., and ABELE, J., concur.