Plaintiff-appellant The Oxford Oil Company appeals from the November 8, 1999, Judgment Entry of the Tuscarawas County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE.
Appellant The Oxford Oil Company, an Ohio corporation engaged in oil well drilling and the production and sale of natural gas, is currently the owner and operator of an oil well located in Tuscarawas County. The oil well is known as United States Concrete Pipe Company (USPC) Number 4 and is located on real property currently owned by appellees William H. Wills and Marcella L. Wills. USCP Number 4 was originally located on a 655 acre tract of land that was subject to a recorded oil and gas lease entered into in August of 1967 by and between United States Concrete Pipe Company, as lessor, and Dorothy E. Cameron and Nellie G. Cameron, as lessee. The oil and gas lease, which is recorded at Volume 72, Page 187 of the Tuscarawas County Lease Records, stated, in part, as follows: "Lessor may lay a line to any gas or oil well on said lands and take gas produced from said well for use for light and heat in one dwelling house on said land, . . ." The lease allowed up to 200,000 cubic feet of free gas to be taken by the lessor each year. At the time it entered into the lease, the United States Concrete Pipe Company was the fee simple owner of the real estate together with the oil and gas interest. In 1979, pursuant to a recorded general warranty deed, U.S.C.P. Co., formerly United States Concrete Pipe Company of Florida, sold real estate, part of which is currently owned by appellees, to Wayne Farms. The real estate was part of the original 655 acres. The general warranty deed from U.S.C.P. Co. to Wayne Farms provides as follows: "Reserving unto Grantor all right, title and interest in and to the Gas and Oil Lease between Grantor, (Lessor) and D.E. Cameron et al (Lessee) recorded in Volume 72 at page 187 Tuscarawas Lease Records." The same language is contained in appellee's deed. Appellant currently is the owner by assignment of the Lessee's interest in the lease. The lessor's interest in the lease now appears in the name of Natural Exploration, Inc. As is stated above, appellees currently own land that was part of the original 655 acre tract. After appellant discovered that appellees were using gas produced by USCP Well Number 4 without paying for the same, appellant, on November 6, 1998, filed a Verified Complaint for Conversion and for Injunctive Relief against appellees in the Tuscarawas County Court of Common Pleas. Appellant, in its complaint, alleged that appellees had illegally tapped into the well and converted the natural gas produced by the well for their own use. On the same date, appellant filed a Motion for a Temporary Restraining Order that was granted by the trial court pursuant to an order filed the same day. Subsequently, on December 8, 1998, appellees filed a Motion for Summary Judgment/Judgment on the Pleadings. Two days later, appellant filed a Motion for Summary Judgment and Judgment on the Pleadings. Thereafter, with leave of court, appellees filed an answer and counterclaim on January 15, 1999, alleging that appellant "illegally converted and trespassed on Defendants-Counter claimants, William H. Wills and Marcella L. Wills' real property and illegally damaged and disconnected" appellees' pipeline and well equipment. Appellees, in their counterclaim, further alleged that appellant induced the Sheriff's Department to make false complaints of illegal conduct against them knowing that such complaints were false. A reply to appellees' counterclaim was filed by appellant on February 2, 1999. The trial court, pursuant to a Judgment Entry filed on October 29, 1999, granted appellees' Motion for Summary Judgment on appellant's complaint while overruling the motion filed by appellant. The court, in its entry, noted that neither motion addressed the claims made by appellees' in their counterclaim. Thereafter, a Nunc Pro Tunc Judgment Entry adding the words "There is no just reason for delay" was filed by the trial court on November 8, 1999. It is from the trial court's November 8, 1999, Judgment Entry that appellant now prosecutes its appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED, TO THE PREJUDICE OF PLAINTIFF-APPELLANT, THE OXFORD OIL COMPANY, IN GRANTING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW BECAUSE THE RIGHT TO FREE GAS CAN BE A PERSONAL RIGHT AND, IN THE PRESENT CASE, WAS RESERVED BY A LESSOR WHO IS NOT A LANDOWNER.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED, TO THE PREJUDICE OF PLAINTIFF-APPELLANT, THE OXFORD OIL COMPANY, IN GRANTING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW BECAUSE THE FREE GAS CLAIMED BY THE APPELLEES IS NOT AVAILABLE TO THEM PURSUANT TO THE TERMS OF THE LEASE AGREEMENT.
 STANDARD OF REVIEW
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36, 506 N.E.2d 212. Civ.R. 56(C) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1966), 75 Ohio St.3d 280. It is based upon this standard we review appellants' assignments of error.
 I, II
Appellant, in its two assignments of error, argues that the trial court erred in granting appellees' Motion for Summary Judgment. We concur. Appellant, in its assignments of error, maintains, in part, that the trial court erred in granting appellees' Motion for Summary Judgment since the free gas claimed by appellees was not available to them under the oil and gas lease. Appellant specifically contends that appellees were not entitled to summary judgment since the right to free gas was included in the reservation of rights contained in the oil and gas lease by the Lessor, who was appellees' predecessor in title. Appellant claims that, because of such reservation of rights, the right to free gas did not pass to appellees when they took title to their property. The 1967 oil and gas lease between USCP, as Lessor, and Dorothy E. Cameron and Nellie G. Cameron, as Lessee, stated, in part, as follows: "Lessor may lay a line to any gas or oil well on said lands and take gas produced from said well for use for light and heat in one dwelling house on said land, . . ." (Emphasis added).
The general warranty deed from USCP to Wayne Farms contains the following language: "Reserving unto Grantor all right, title and interest in and to the Gas and Oil Lease between Grantor, (Lessor and D.E. Cameron et al (Lessee) recorded in Volume 72 at page 187 Tuscarawas County Lease Records."
Such warranty deed is prior to appellee's deed.
Under Ohio law, a free gas clause is construed as a covenant running with the surface ownership of the leasehold tract unless a contrary intention appears in the wording of the instrument. See Stapleton v. Columbia Gas Transmission Corp. (1981), 2 Ohio App.3d 15 . "The right to free gas in a lease will be ordinarily considered personal to the lessors when the lease specifies the persons who are to receive the free gas and the lease is silent with respect to extending the terms and conditions of the lease to the contracting parties, heirs and assigns." Id. at paragraph three of the syllabus. In the case sub judice, the 1967 oil and gas lease expressly provides that all of its covenants and conditions shall extend to the parties' heirs, executors, successors and assigns. As noted by the Court in Stapleton, "While no Ohio case has been cited respecting a free gas clause in an oil and gas lease with respect to whether it is personal or real and runs with the land, basically, the Ohio courts make such determinations based upon the manifested intention of the parties and whether the covenant burden and benefits relates to and concerns the land and whether the covenant is consistent [ 440 N.E.2d 579] with public policy. 15 Ohio Jurisprudence 2d Rev., Covenants, Sections 14-16. It is not essential to the running of a covenant that the words "heirs, successors or assigns" be used; however, when they are so used, as here, it clearly reflects the intention of the parties in that respect. Peto v. Korach (1969), 17 Ohio App.2d 20,244 N.E.2d 502 [46 O.O.2d 29]; Siferd v. Stambor (1966), 5 Ohio App.2d 79,214 N.E.2d 106 [34 O.O.2d 189]. Id. at 19. (Emphasis added.) Based on the above authorities, we hold that the free gas provision contained in the oil and gas lease in the case sub judice was a real covenant which ran with the surface ownership of the leasehold tract. However, the leasehold tract in this case, namely, the original 655 acres, has since been divided up and conveyed at least in part to a number of persons or entities, including the appellees herein. No one entity, therefore, has surface ownership of the entire original 655 acre leasehold tract. Thus, the issue becomes who should be entitled to the benefit of the free gas under the oil and gas lease. As is stated above, the oil and gas lease in the case sub judice states that the Lessor may take gas for light and heat in one dwelling house "on said land." We concur with appellant that the "land" referred to is the 655 acres from which appellees' property was subdivided. The Court in Stapleton, supra interpreted a similar provision in an oil and gas lease that provided that the lessors would receive free gas "in the mansion house." The oil and gas lease in Stapleton originally granted an oil company the oil and gas in a ninety-eight acre tract of land. However, after less than the whole of the surface of the leasehold tract was conveyed, a dispute arose over who was entitled to free gas under the lease. The court in Stapleton, which noted that the term "in the mansion house" was used interchangeably at common law with the term "dwelling house," held that it was "self-evident that by the use of the term "in the mansion house" that only one such house [on the ninety-eight acres] was to receive free gas . . ." Id. at 18. Thus, pursuant to Stapleton, only one dwelling house on the original 655 acres in the case sub judice is entitled to free gas. In Stapleton, supra, none of the deeds at issue specifically referred to the right to free gas. However, one deed conveyed the tract of land including the dwelling house receiving free gas under the oil and gas lease. The court, in Stapleton, held that unless the right to free gas was excepted from the deed conveying the dwelling house which was currently receiving the free gas, "the right to free gas passed under the deed provisions conveying `all the privileges and appurtenances' to the parcel." Stapleton, supra. at 20.
As noted by the court in Stapleton: "[w]here an oil and gas lease provides that the lessor shall receive free gas `in the mansion house,' and the lessor conveys his interest in the part of the surface tract upon which the house (the mansion house) receiving free gas is located, but retains a portion of the surface leasehold tract, the new owner of the tract upon which the mansion house is located has the right to receive free gas unless the right to free gas was excepted from the deed to the new owner." Id. at paragraph 4 of the syllabus. (Emphasis added.)
In the case sub judice, it is unclear from the record whether there was an original dwelling house receiving free gas and, if so, whether appellees are now the owners of the tract of land upon which the original dwelling house was located. Accordingly, since there are genuine issues of material fact in dispute, we find that the trial court erred in granting appellees' Motion for Summary Judgment. Appellant's first and second assignments of error, therefore, are sustained.
The judgment of the Tuscarawas County Court of Common Pleas is reversed. This matter is reversed and remanded for further proceedings.
 ____________________ Edwards, J.
Farmer, P.J. and Milligan, V.J. concurs