OPINION
{¶ 1} On July 6, 1956, appellant, Cleo Fox, and his late wife entered into an oil and gas lease with appellee, Columbia Gas Transmission Corporation, fka The Ohio Fuel and Gas Company, pertaining to a family farm in Ashland County, Ohio. Appellant was entitled to use up to 200,000 cubic feet of gas each year for "one dwelling" on the farm. Appellant filed an application for free gas in 1957. At approximately the same time, appellant's father entered into a separate oil and gas agreement with appellee pertaining to twenty acres adjacent to the family farm. The lease agreements were consolidated and appellant was permitted to use 300,000 cubic feet per year for "two dwellings." Thereafter, appellant ran a gas line from his house to his barn.
 {¶ 2} In 1974, appellant acquired his father's twenty acres. Appellant desired to transfer a portion of the combined free gas allocation back to the twenty-acre tract. On January 15, 1974, appellee approved appellant's applications and gave appellant free gas on each property, 300,000 cubic feet with "all other terms and conditions" remaining in effect.
 {¶ 3} Appellant built a home on the twenty-acre tract. On June 7, 1975, appellant sold his former home and 1.5 acres of the family farm property to Robert and Patricia Hoover. Appellant kept the remaining acreage including the portion with the barn. The deed of sale to the Hoovers granted the Hoovers 50,000 cubic feet of free gas.
 {¶ 4} In 1977, the Hoovers sold their home to Douglas Sutherland, now owned by Douglas and Judith Sutherland. The free gas agreement continued for several years. In 2003, a dispute arose between appellant and the Sutherlands regarding septic spillage. Appellee learned appellant had sold the dwelling house under the oil and gas agreement. Appellee transferred the free gas allowance to the Sutherlands, turning off the gas to the barn after forty-four years of usage.
 {¶ 5} The Sutherlands filed a complaint in November of 2003 against appellant regarding the sewage dispute. Appellant filed a third-party complaint against appellee regarding the free gas issue. The sewage dispute was resolved. As for the free gas issue, appellee filed a motion for summary judgment, claiming appellant unlawfully subdivided the property and therefore was no longer entitled to free gas for the barn. By order filed October 26, 2004, the trial court granted summary judgment to appellee, finding the oil and gas lease contained a "one dwelling" limitation and the lease "is a covenant running with the surface ownership of the land" therefore, the lease covered the home appellant sold to the Hoovers. The trial court further found the reservation of free gas in the Hoover deed was void as a matter of law.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 7} "The trial court erred in granting Columbia Gas Transmission Corporation's motion for summary judgment because it misapplied ohio law and there are genuine issues of material fact that must be decided by the trier of fact."
 I {¶ 8} Appellant claims the trial court erred in granting summary judgment to appellee. We disagree.
 {¶ 9} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 10} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 11} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 12} Appellant argues there were three undisputed facts at the time he sold his home to the Hoovers and as such, should be construed in his favor under Civ.R. 56:
 {¶ 13} "First, that free gas was being used at the new residence on the twentyacre tract. Second, that free gas was being used at the old house on the Fox Family Farm. Third, and most importantly, that free gas was being used in the barn on the Fox Family Farm." Appellant's Brief at 6.
 {¶ 14} In its order filed October 26, 2004, the trial court concluded regardless of these claimed undisputed facts, appellant's attempt to reserve a majority of the "free gas allowance" was "void, in light of the explicit contractual provision in the lease, which states that the right to free gas shall extend to `one dwelling house.'" The trial court concluded because appellant "failed to expressly reserve the entirety of his right to free gas in the transfer deed, the right to free gas vests with the owner of the piece of property upon which the `one dwelling house' is situated."
 {¶ 15} All parties agree the seminal case in Ohio is Stapleton v.Columbia Gas Trans. Corp. (1981), 2 Ohio App.3d 15, 19, wherein our brethren from the Fourth District held, "we hold the free gas provision here considered was a real covenant which ran with the surface ownership of the leasehold tract, and had appellant conveyed the whole tract the right to free gas would have run with the land and passed to the grantee."
 {¶ 16} Stapleton was reaffirmed in Sethi v. Antonucci (1998),126 Ohio App.3d 382, 388, wherein our brethren from the Seventh District held, "The court in Stapleton also supported its determination that the right to free gas runs with the surface land, which includes the original dwelling receiving the free gas, by noting that the surface owner of the dwelling entitled to free gas is presumptively the one intended to be benefited."
 {¶ 17} In the deed to the Hoovers, appellant attempted to divide the "free gas" allotment as follows:
 {¶ 18} "Whereas there is a lease to Ohio Fuel Gas Co. covering 104 acres of land of which subject premises is a part, with a free gas allotment of 300,000 cubic feet. Grantors grant unto grantees 50,000 cubic feet of free gas allotment under said gas lease and the grantors reserve the balance of 250,000 cubic feet as provided in said lease." Appellant's Brief at 7.
 {¶ 19} The original oil and gas lease provided for "free gas" to "one dwelling":
 {¶ 20} "Lessor may lay a line to any gas well on said lands and take gas produced from said well for use for light and heat in one dwelling house on said land, at Lessor's own risk, subject to the use and the right of abandonment of the well by Lessee. The first two hundred thousand cubic feet of gas taken each year shall be free of cost, but all gas in excess of two hundred thousand cubic feet taken each year shall be paid for at the rate provided in the current established schedule of rates filed with the Public Utilities Commission of Ohio applicable in the immediate vicinity of the point at which gas is to be delivered to Lessor. If no established schedule of rates is applicable in that vicinity, then the rate prevailing in the nearest municipality served by The Ohio Fuel Gas Company shall apply. Lessor agrees to pay for all gas so delivered within ten (10) days after the bill for the monthly reading period has been issued, and any such payment that becomes delinquent may be deducted from subsequent payments due Lessor under this lease. Measurement and regulation shall be by meter and regulations set at the tap at the well. This privilege is upon condition that Lessor shall subscribe to and be bound by the reasonable rules and regulations of the Lessee relating to the use of free gas." See, Exhibit A, attached to Appellant's Answer and Counterclaims filed January 15, 2004.
 {¶ 21} The subsequent applications for free gas recite that the "applicant's right to receive gas under this application is derived solely from the lease above described, and the delivery of gas to the applicant hereunder is not to be construed as a recognition of applicant's right to be supplied with gas under any condition other than set forth therein. See Exhibit B, attached to Appellant's Answer and Counterclaims filed January 15, 2004.
 {¶ 22} With the above cited language in the Hoover deed, appellant attempted to divide a majority of the free gas allotment away from the original dwelling. Despite appellant's attempt to convey only a portion of the free gas allotment, the conveyance fails under the law set forth in Stapleton and Sethi cited supra. Each application restricted the use of free gas to the terms specifically set forth in the original oil and gas lease. Such lease included the "one dwelling" provision. This "one dwelling" was the dwelling appellant conveyed to the Hoovers. Nowhere in any of the leases or applications is there contemplated the division of free gas rights.
 {¶ 23} Under R.C. 1335.04 and 1335.05, any modifications to the original oil and gas lease agreement must be in writing:
 {¶ 24} "[R.C. 1335.04] No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law.
 {¶ 25} "[R.C. 1335.05] No action shall be brought whereby to charge * * * a person * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."
 {¶ 26} The statements that appellant argues as undisputed regarding the division of the free gas allotment are attributed to a now deceased employee of appellee and are contrary to the above statutes and contradict the wording of the oil and gas lease. Any statements would violate "the parole evidence rule, which provides that absent fraud, mistake or other invalidating cause, the final written integration of an agreement between the parties may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements."Ejzak v. Remy, Richland App. No. 02CA8-2, 2002-Ohio-4385, ¶ 19, citingGalmish v. Cicchini, 90 Ohio St.3d 22, 2000-Ohio-7.
 {¶ 27} Under the plain and unambiguous wording of the original oil and gas lease, we conclude the Sutherlands are the owners of the "one dwelling" on the property entitled to the free gas allotment.
 {¶ 28} Upon review, we conclude the trial court was correct in applying Stapleton to the issues sub judice and in granting summary judgment to appellee.
 {¶ 29} The sole assignment of error is denied.
 {¶ 30} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed.