[Cite as *Reuschling v. Cart*, 2015-Ohio-4015.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| JAMES A. REUSCHLING, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2014-A-0074** |
| CHRISTINE CART, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2014 CV 0222.

Judgment: Affirmed.

*Alexandria R. Heinonen*, Smith & Miller, 36 West Jefferson Street, Jefferson, OH 44047 (For Plaintiffs-Appellees).

*Christine Cart*, pro se, 1520 Stumpville Road, Jefferson, OH 44047 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Christine Cart, appeals from the Ashtabula County Court of Common Pleas' decision granting summary judgment in favor of appellees, James A. and Patricia Reuschling, and denying appellant's cross-motion for summary judgment. This case involves a dispute over whether appellees are entitled to free gas from a well located on their property. Based on the following, we affirm the judgment of the trial court.

{¶2} On or about February 2, 2012, appellees purchased 12.1 acres of vacant land on Stumpville Road by a Warranty Deed. The property was purchased from Ms. Trudy Early.

{¶3} In the 1970s, Ms. Early and her husband, Clyde, purchased a large parcel of land subject to an oil and gas lease between William Davis and Sun Oil Company, which was recorded on March 19, 1964. This property included a gas well (herein after "Davis 1 Well"). The rights of Mr. Davis as lessor under that lease were transferred to the Earlys. The Earlys subsequently constructed a house on the property. A provision in the lease allowed the lessor free gas for the principal dwelling on the property. Being successors in interest under the oil and gas lease, they used the free gas from the Davis 1 Well for their residence at 1520 Stumpville Road, Jefferson, Ohio. Upon Clyde's passing in 2000, Ms. Early became the sole owner of the property, possessing all mineral rights and the rights as lessor under the oil and gas lease.

{¶4} Ms. Early thereafter divided the large parcel of property. In subdividing her land, Ms. Early sold the 12.1 acre vacant lot adjacent to her residence to appellees. The Davis 1 Well is physically located on this 12.1 acre parcel now owned by appellees.

{¶5} In the deed to appellees, Ms. Early included the following language:

> The Grantor herein hereby reserves for herself, and her children and grandchildren who may subsequently purchase or inherit the home located at 1520 Stumpville Road, Lenox Township, all rights to any free gas for domestic use produced from currently existing oil and gas wells and allotted to the landowner, as provided for in existing oil and gas lease that encumbers the property conveyed herein. This reservation of rights shall terminate when neither Grantor nor any of her children or grandchildren owns said home or if the home is unoccupied for more than 24 months or destroyed, and said rights shall revert to the owner of the real property upon which the oil and gas well producing the gas is located.

{¶6} After the sale to appellees, Ms. Early continued to reside at 1520 Stumpville Road and continued to receive free gas from the Davis 1 Well. In September 2012, a foreclosure action commenced against Ms. Early on the Stumpville Road residence. Appellant purchased the property at a sheriff's auction and obtained a deed, which was recorded on August 21, 2013.

{¶7} Appellees subsequently sent appellant a letter to inform appellant that she is not entitled to connect to the gas line located on appellees' property. Appellees then filed a complaint for declaratory relief and injunction against appellant claiming that appellant "has refused to disconnect the well or remove the debris and piping." Appellees sought a declaration that appellant has no legal right to use the gas from the Davis 1 Well located on appellees' property or to connect lines to the well to access appellees' property. Appellees also sought a permanent injunction restraining appellant from using or accessing the Davis 1 Well on appellees' property.

{¶8} Prior to filing her answer, appellant filed a motion to dismiss alleging that the reservation of oil and gas rights in the appellees' deed was "void." Appellees then filed a motion for default judgment due to appellant's failure to file an answer. The trial court overruled appellant's motion to dismiss and granted her leave to file an answer. Appellant filed an answer and counterclaims.

{¶9} Appellees filed a motion for summary judgment, and appellant filed a cross-motion for summary judgment. In granting appellees' motion for summary judgment, the trial court reasoned:

> Defendant argues that she has a right to free gas from the Davis 1 Well under the terms of the 1964 lease. Defendant's argument ignores the fact that Trudy Early was free to convey or restrict her rights under the lease in any manner she saw fit. * * * Ms. Early's

3

deed to Plaintiffs reserved the right of free gas from the Davis 1 Well for as long as she, her children, or her grandchildren continued to own and occupy the residence. When Defendant purchased the Stumpville Road residence, Ms. Early and her descendents no longer owned and occupied the property. Defendant does not claim to be the child or grandchild of Ms. Early. Thus, Defendant, the new owner of the residence, has no right to free gas from the Davis 1 Well, as that right terminated with the terms of Ms. Early's deed to Plaintiffs.

{¶10} Appellant was permanently restrained from using or accessing the Davis 1 Well on appellees' property and was ordered to refrain from interfering with the disconnection of any gas lines connecting said well to the residence at 1520 Stumpville Road, Jefferson, Ohio. Appellant's counterclaims were also dismissed.

{¶11} Appellant filed a timely notice of appeal and asserts the following assignments of error:

> [1.] The trial court erred and abused its judicial discretion in granting Appellee's Motion for Summary Judgment where there [were] issues of material fact still remaining, the Court was to first determine the terms and conditions and intent of the parties to the original oil and gas lease and failed to do so, instead, the Court erroneously transferred the free gas away from the Principal Dwelling to vacant property that has no dwelling.

> [2.] The trial court erred and abused its judicial discretion in granting Appellee's Motion for Summary Judgment where there [were] issues of material fact still remaining, the Court failed to first determine the terms and conditions and intent of the parties to the original oil and gas lease. Based on the language of the lease the free gas covenant ran with the land and clearly extended the terms and conditions to Appellant upon the purchase of her property and principal dwelling to use the free gas, the Court erroneously transferred the free gas away from the Principal Dwelling to vacant property that has no dwelling.

> [3.] The trial court erred and abused its judicial discretion in granting Appellee's Motion for Summary Judgment where there were issues of material fact still remaining, the Court failed to first determine the terms and conditions and intent of the parties to the original oil and gas lease. Which party to this action has the

4

established principal dwelling to use the free gas, when the Court erroneously transferred the free gas away from the established Principal Dwelling to vacant property that has no dwelling.

[4.] The Trial Court erred and abused its judicial discretion in granting Appellee's Motion for Summary Judgment where there were genuine issues of material fact, the Court ruled Appellees reservation was valid before first determining the intent of the parties to the original oil and gas lease, based on the leases free gas provision the use of free gas belongs to Appellants established principal dwelling not Appellees property that has no dwelling.

[5.] The Trial Court erred and abused its judicial discretion when it overruled Appellants Cross-Motion for Summary Judgment where Appellant was entitled to judgment as a matter of law, from the evidence attached to Appellants Cross-Motion for Summary Judgment reasonable minds can come to but one conclusion and where Appellees failed to respond to Appellants Summary Judgment the Court should have granted Appellants Motion.

[6.] The Trial Court erred and abused its judicial discretion by not granting Appellants motion to strike Appellee's Motion for default and finding Appellant in default of an answer when Appellant timely entered the case with a motion to Dismiss.

{¶12} We review a trial court's decision on a motion for summary judgment de novo. *Fed. Home Loan Mtge. Corp. v. Zuga*, 11th Dist. Trumbull No. 2012-T-0038, 2013-Ohio-2838, ¶13.

{¶13} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated; (2) "the moving party is entitled to judgment as a matter of law"; and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor."

5

{¶14} For ease of discussion, we address appellant's first, second, third, and fourth assignments of error in a consolidated fashion.

{¶15} Ms. Early divided the real property into subplots, which separated the principal dwelling from the site of the actual well; Ms. Early owned the home that received free gas, and the appellees owned the 12.1 acre plot containing the well. As part of the consideration in the transfer of her land to appellees, Ms. Early, via deed, reserved the use of the free gas to her home and gave appellees conditional access to the free gas. One such condition was that her right to free gas would terminate if Ms. Early, her children, or her grandchildren, no longer owned the original property. In that event, Ms. Early limited the right to free gas to the parcel owned by appellees, because it was the parcel where the well was located. As the trial court noted, at the time this transfer and assignment of right to free gas was made, Ms. Early was the sole owner of the property and was entitled to all the rights, whatever those were at the time, under the lease.

{¶16} Appellant argues that the original lease provided that the "principal dwelling" was to receive free gas. Appellant cites the free gas provision of the original oil and gas lease, dated February 15, 1964, between Mr. Davis and Sun Oil Company: "Lessor is to have gas free of cost from any such well for all stoves and all inside lights in the Principal Dwelling on said land during the same time, by making lessor's own connection with the well at lessor's own risk and expense." Given the language of this 1964 lease, appellant maintains that Ms. Early did not have the authority to transfer her interest in free gas to appellees' property because there is no dwelling on appellees'

6

land. Appellant argues because she is the only lessor with a principal dwelling on the leased premises, she is entitled to the free gas under the terms of the original lease.

{¶17} Here, the free gas provision runs with the surface ownership of the leasehold tract unless a contrary intention appears in the wording of the instrument. *See Stapleton v. Columbia Gas Transmission Corp.*, 2 Ohio App.3d 15, 20 (4th Dist.1981). Ms. Early was the surface owner of the leasehold tract which included the "principal dwelling." When Ms. Early divided the tract, she determined that if she no longer resided in the "principal dwelling," it would no longer be the "principal dwelling" for purposes of the lease. Instead, via the deed, she expressed an intention for any dwelling that may be built on the well-site property to be deemed the "principal dwelling" for purposes of the lease. In doing so, she conditionally conveyed her interest in the free gas, which made the well-site property more desirable and potentially more valuable. *See id.* at 19. Public policy strongly favors free alienation of property so that owners will be encouraged to develop it by virtue of the right to receive the benefits of its increased value. *Joseph v. Dever*, 1st Dist. Hamilton No. C84 0628, 1986 Ohio App. LEXIS 7942 (Aug. 20, 1986), *71. As the leaseholder and owner of the surface tract, Ms. Early was entitled to convey this interest.

{¶18} In *Stapleton*, the court noted that the term "in the mansion house" was used interchangeably at common law with the term "dwelling house." *Stapleton*, *supra*, at 18, fn. 4. And, the court held, it was consequently "self-evident that by the use of the term 'in the mansion house' that only one such house [on the 98 acre tract] was to receive free gas * * *." *Id.* In this matter, the lease provides for free gas to the "principal dwelling." Similar to *Stapleton*, this language indicates the intention of the parties to

7

provide for gas to one dwelling. It does not, however, specify a particular dwelling, only that it must be the principal dwelling. Accordingly, this language suggests that the free gas could be transferred and used by a dwelling other than the original house insofar as the different house becomes the principal dwelling.

{¶19} Additionally, the rule of caveat emptor applied to appellant as the purchaser of the property at the sheriff's sale; it was for appellant to inspect the title she was going to acquire by the sheriff's deed. *Jewett v. Feldheiser*, 68 Ohio St. 523, 533 (1903), citing *Mechanics' S. & B. L. Assn.* v. *O'Conner*, 29 Ohio St. 651 (1876). Notably, the deed that appellant acquired to this residence at 1520 Stumpville Road, which was attached to appellees' motion for summary judgment, did not include an express reservation of the right to use free gas, nor any warranties whatsoever.

{¶20} Appellant believes the right to free gas is a right possessed by the dwelling. That belief, however, is incorrect. There is no restriction in the lease prohibiting the lessor from assigning all or part of her rights therein. Specifically, the lease provides: "[i]f the estate of either party hereto is assigned - and the privilege of assigning in whole or in part is expressly allowed - the covenants hereof shall extend to their heirs, executors, administrators, successors or assigns * * *[.]" The lease further contemplates assignment by stating:

> [I]t is hereby agreed that in the event this lease shall be assigned as to a part or as to parts of the above described lands and the assignee or assignees of such part or parts shall fail or make default in the payment of the proportionate part of the rents due from him or them, such defaults shall not operate to defeat or affect this lease insofar as it covers a part or parts of said land upon which the said lessee or any assignee thereof shall make due payments of said rentals.

8

**{¶21}** When appellant acquired title to the property by virtue of the sheriff's deed, she could not acquire more rights than those retained by Ms. Early. The fact is Ms. Early assigned away her right to free gas if she no longer lived in the home where appellant now resides. Ms. Early restricted the right to free gas to the parcel where the well was located. There is nothing that prohibited her from doing so.

**{¶22}** Appellant's first, second, third, and fourth assignments of error are without merit.

**{¶23}** Under her fifth assignment of error, appellant argues the trial court erred by overruling her cross-motion for summary judgment because appellees failed to file a response demonstrating a genuine issue of material fact.

**{¶24}** Appellees filed a motion for summary judgment on September 18, 2014, and on October 20, 2014, appellant filed her cross-motion for summary judgment. Appellees were not required to file a response to appellant's cross-motion for summary judgment, as appellees initially filed a motion for summary judgment. "Where parties file cross-motions for summary judgment and the facts are not contested, Ohio courts decide the issues as a matter of law." *M & M Metals Internatl., Inc. v. Continental Cas. Co.*, 1st Dist. Hamilton Nos. C-060551 & C-060571, 2008-Ohio-1114, ¶26. *See also Bricklayers, Masons & Plasterers Internatl. Union of Am. v. Stuart Plastering Co., Inc.*, 512 F.2d 1017, 1023 (5th Cir.1975) (noting that cross-motions may be indicative of the nonexistence of a factual dispute).

**{¶25}** Here, the parties are not involved in a factual dispute; the parties are in agreement with respect to the factual background, and therefore, the trial court had the ability to decide the issues as a matter of law.

{¶26} Appellant's fifth assignment of error is without merit.

{¶27} Under her sixth assignment of error, appellant maintains the trial court abused its discretion in denying her motion to strike appellees' motion for default judgment and finding her in default for failing to file an answer. We disagree.

{¶28} Below, the trial court's September 26, 2014 judgment found appellant in default for failing to file an answer. In the same judgment entry, however, the trial court acknowledged that appellees had filed a motion for summary judgment. Therefore, the trial court granted appellant leave to file her answer and her response to appellees' motion for summary judgment. The court stated that if appellant failed to do so, the trial court would grant the relief sought in appellees' complaint, as well as grant appellees' motion for summary judgment. Appellant then filed her answer and counterclaims on October 20, 2014.

{¶29} Appellant cannot demonstrate the trial court abused its discretion because she was granted leave to file her answer and, in fact, did file an answer to appellees' complaint. Appellant actively participated in the proceedings below, and therefore, appellant's sixth assignment of error is without merit.

{¶30} Based on the opinion of this court, the judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

10